**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                Case No: 8:18-cr-00417-T-02AEP

PAUL BRAIN WOJT

_____/

**ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter comes to the Court on Defendant Paul Brian Wojt's, Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 44. The United States filed a response in opposition. Dkt. 47. With the benefit of full briefing, the Court denies the Defendant's Motion for Compassionate Release.

**Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted ). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies the Court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a

reduction is consistent with applicable policy statements. *United States v. Smith*, 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## Discussion

On June 14, 2019, Defendant was sentenced to ten years imprisonment followed by five years of supervised release for conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture containing methamphetamine. Dkt. 39 at 1–3. Defendant now argues that COVID-19 presents an extraordinary and compelling reason to reduce his sentence. Dkt. 44 at 1.

The Government responds by first arguing that Defendant has not fully exhausted his administrative remedies and is therefore ineligible for compassionate release consideration. Dkt. 47 at 10. The record establishes that Defendant filed a compassionate release request with the warden at his facility, which was denied. Dkt. 44-4. The Government argues that because he did not appeal this denial Defendant failed to exhaust his administrative remedies. Dkt. 47 at 10. A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative

remedies. *See* 28 C.F.R. § 571.63; *See also* 18 U.S.C. § 3582(c)(1)(A). Rather, Defendant argues that "the exhaustion requirement can be excused and should be excused in this case." Dkt. 44 at 3. While the Eleventh Circuit has not yet ruled on whether the administrative exhaustion requirement may be waived because of the unique circumstances of COVID-19, Courts in the Middle District of Florida have consistently held that it may not be waived. *United States v. Chappell*, No. 8:10-CR-134-T-33AEP, 2020 WL 2573404, at *2 (M.D. Fla. May 21, 2020); *Smith*, 2020 WL 2512883, at *5; *Staltare*, 2020 WL 2331256, at *2. As such, this motion must be denied.

      Even if Defendant had exhausted his administrative remedies or the Court had authority to waive exhaustion, Defendant fails to demonstrate an extraordinary and compelling reason to reduce his sentence. First, Defendant claims he suffers from anxiety and hypertension, but he fails to provide medical documentation reflecting that he suffers from a serious medical condition or is unable to care for himself while incarcerated. Dkt. 44 at 14. As an initial matter, self-diagnosed medical conditions without medical provider corroboration are an insufficient foundation for compassionate release. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Further, as alleged, Defendant's conditions fail to qualify as extraordinary and compelling reasons for early release under 18 U.S.C. § 3582(c)(1)(A)(i) as it is understood by

3

applicable policy statements. U.S.S.G. § 1B1.13 cmt. n.1(A); *see United States v. Simmons*, 8:12-CR-219-T-27AEP, 2020 WL 3001380, at *1 (M.D. Fla. June 4, 2020) (denying release when the defendant did not provide "any medical documentation reflecting that, because of his high blood pressure and hypertension, he suffers [from] a serious medical condition or is unable to care for himself while incarcerated.").

Second, courts have held that, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). While Defendant alleges there have been numerous cases of COVID-19 in F.C.I. Elkton, he neither presents evidence of his claimed susceptibility nor directly addresses why the Bureau of Prison's containment plan is inadequate in relation to him. Dkt. 44. Defendant consequently fails to supplement his justification for compassionate release with evidence or circumstances that would satisfy the standard required for an extraordinary and compelling reason to warrant reduction.

Finally, notwithstanding the absence of exhaustion and extraordinary circumstances, the factors set forth for consideration under 18 U.S.C. § 3553(a) weigh heavily against Defendant. *See United States v. Bunch*, No. 19-CR-20550-BB, 2020 WL 2839174, at *3 (S.D. Fla. May 28, 2020) (finding the defendant failed "to

persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a)" when he had only served "a little over half" his sentence and failed to provide documentation for his stated medical condition); *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *7–8 (S.D. Fla. Apr. 28, 2020) (discussing the application of § 3553(a) factors on whether the defendant merited compassionate release). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

      Defendant is a prior offender who was convicted in the instant case after admitting to substantial methamphetamine distribution. Dkt. 47 at 16–17; Dkt. 31 at 6–10. Not only does Defendant's sentence reflect the seriousness of the prohibition against methamphetamine trafficking, it protects the public from further meth-related offences while affording Defendant access to addiction treatment. It would be inappropriate to release Defendant under the foregoing considerations when he has served merely fifteen percent of his sentence. Dkt. 47 at 16.

The Court therefore chooses to exercise its discretion by denying Defendant's motion on the merits irrespective of Defendant's failure to exhaust all available administrative remedies. Dkt. 44.

## Conclusion

The Court denies Defendant's Motion for Compassionate Release, Dkt. 44, without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on June 12, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Defendant, pro se