UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:18-cr-417-WFJ-AEP

PAUL BRIAN WOJT

_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Defendant Paul Brian Wojt's motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 53) and the United States' response in opposition (Dkt. 55). After reviewing the motion and submissions, the Court denies the motion.

### BACKGROUND

In June 2019, the Court sentenced Mr. Wojt to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture containing methamphetamine. Dkt. 39. Mr. Wojt, 53 years old, is serving his sentence at USP-Yazoo City and his projected release date is May 9, 2027. Dkt. 53. Mr. Wojt now seeks compassionate release under § 3582(c)(1)(A)(i) due to COVID-19 concerns and his transfer to USP-Yazoo City.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding extraordinary and compelling reasons that are consistent with applicable policy statements of the United States Sentencing Commission. However, the section does not define extraordinary and compelling. Therefore, a court must look to USSG § 1B1.13 for guidance, where Application Note 1(A)-(D) identifies four categories in which extraordinary and compelling circumstances may exist. These include: (1) the medical condition of the Defendant; (2) the age of the Defendant; (3) family circumstances; and (4) other reasons that may be extraordinary and compelling as determined by the Director of the Bureau of Prisons. A court must also consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of release, including the nature and circumstances of the offense and the history and characteristics of the Defendant, the need for the sentence imposed, the kind of sentences available, and the kind of sentence and the sentencing range established.

In his motion, Mr. Wojt argues that he suffers from serious urinary and stomach issues that are currently being tested for cancer and that he has an extensive history of smoking, both of which may make him more vulnerable to COVID-19. However, the United States argues Mr. Wojt has not demonstrated an extraordinary and compelling reason warranting release, especially since he is now

fully vaccinated against the virus. Section 3582(c)(1)(A) generally applies sentence reductions for specific individuals suffering from specific conditions. Potential COVID-19 exposure poses a threat to the general population; therefore, Mr. Wojt's continued COVID-19 concerns cannot alone serve as his basis for a sentence reduction. Further, Mr. Wojt has not proven his current medical condition is a terminal illness or a condition that substantially diminishes his ability to provide self-care in prison, as required by Application Note 1(A).

Additionally, the § 3553(a) factors weigh against Mr. Wojt's release. His criminal history shows three additional offenses for possession of methamphetamine, among many other drug paraphernalia and grand theft offenses. His 120-month prison sentence reflects the seriousness of his distribution of a substantial amount of methamphetamine, conduct that is dangerous to the community. Moreover, he has only served 24% of this sentence.

## CONCLUSION

Accordingly, Defendant's motion (Dkt. 53) is denied for failure to demonstrate an extraordinary and compelling reason to warrant release.

**DONE AND ORDERED** at Tampa, Florida, on July 20, 2021

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Defendant, *pro se*, and Counsel of Record