UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:18-cr-417-WFJ-AEP

PAUL BRIAN WOJT

_____/

## ORDER ON MOTION FOR MODIFICATION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Before the Court is Defendant Paul Brian Wojt's motion for modification of sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the United States' response in opposition. Dkt. 57; Dkt. 59. After reviewing the motions and submissions, the Court denies the motion.

### BACKGROUND

In June 2019, this Court sentenced Mr. Wojt to 120 months in prison for conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture containing methamphetamine. Dkt. 39. The defendant is serving his sentence at FCI Estill in South Carolina, is scheduled to be released on May 9, 2027, and has served about 44% of his sentence. Dkt. 53; Dkt. 59. Mr. Wojt is now seeking home confinement under § 3582(c)(1)(A)(i) due to medical and family concerns. Dkt. 57.

1

## DISCUSSION

Mr. Wojt does not give extraordinary or compelling reasons that warrant modification because his medical conditions do not substantially diminish his ability to provide self-care and his family circumstances do not indicate that he is needed to take care of his minor children or his incapacitated spouse or registered partner. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), upon motion from the defendant, the court may modify a term of imprisonment if it finds that extraordinary or compelling reasons warrant the modification, and a modification is consistent with the applicable policy statements issued by the sentencing commission. By U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n, amended 2018), extraordinary and compelling reasons include medical conditions of the defendant which are terminal or substantially diminish the ability of the defendant to provide self-care; and family circumstances in which the death or incapacitation of the caregiver of the defendant's minor children took place or the incapacitation of the defendant's spouse or registered partner caused the defendant to be the only available caregiver for the spouse or registered partner. These reasons must be considered with the factors from U.S.C. § 3553(a), including circumstances of the offense, the history of the defendant, and the need for the sentence to protect the public from further crime to determine if they weigh in favor of release.

Defendant's medical conditions do not constitute an extraordinary and compelling reason for modification. Defendant states that he has osteoarthritis of the spine, chronic anxiety, insomnia, stomach issues, enlarged prostate, and depression. Dkt. 57. None of these conditions are terminal or of a nature such that they substantially diminish the ability of Mr. Wojt to provide self-care. He is also taking medication for all these conditions to alleviate their significance.

Moreover, Mr. Wojt's medical concerns over his vulnerability to COVID-19 do not constitute extraordinary or compelling reasons for modification. Section 3582(c)(1)(A) generally applies to specific conditions that diminish the ability to self-care. The potential threat of being exposed to COVID-19 is not currently affecting this ability. Further, Mr. Wojt has been vaccinated, reducing his risk of the virus negatively affecting him.

Mr. Wojt's mother's cancer treatment also does not amount to an extraordinary or compelling reason that warrants modification. Here, the defendant's mother's illness does not fall under the death or incapacitation of a spouse or the death or incapacitation of the caregiver of the defendant's minor children. Therefore, it does not meet the guidelines prescribed by § 1B1.13.

The § 3553(a) factors also weigh against the defendant's release. Mr. Wojt has an extensive criminal history, including three offenses for possession of

methamphetamine along with four other possession of drug paraphernalia offenses and two grand theft offenses. Given this history and that the defendant has only served 44% of his sentence, modification would contradict the need for the sentence to reflect the seriousness of the offense, to provide adequate deterrence to criminal conduct, and to protect the public from further crimes by the defendant.

Even if Mr. Wojt had presented extraordinary and compelling reasons for modification, this Court does not have the authority to order home confinement. Section 3582 only gives this Court the authority to reduce the term of imprisonment, not to order home confinement.

## CONCLUSION

Consistently, Defendant's motion (Dkt. 57) is denied for failure to show extraordinary and compelling reasons for modification.

**DONE AND ORDERED** at Tampa, Florida, on June 1, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Defendant, *pro se*, and Counsel of Record